**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 31  PM 12: 33

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY) | |
| COMMISSION, ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | JUDGE   06-5647 |
| ) | |
| v. ) | MAGISTRATE |
| ) | |
| GUSTE HOMES MANAGEMENT ) | |
| CORPORATION, INC. ) | SECT.S MAG2 |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, the United States

Equal Employment Opportunity Commission, ( "EEOC" or "Commission"), and files its Complaint

and Jury Demand. Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

1.      This action is brought under Title VII of the Civil Rights Act of 1964, as amended, and Title

I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide

appropriate injunctive relief to correct the unlawful employment practices to which Ericka C. Meza

was adversely subjected. The Plaintiff Equal Employment Opportunity Commission ("EEOC" or

"Commission") alleges that Meza, a female, was subjected to sex discrimination by defendant, Guste

Homes Resident Management Corporation, Inc. ("Defendant") when it caused Ms. Meza to be

subjected to sexual harassment from May 2004 to October 2004 by male supervisor and several male

co-workers. The harassment was so severe that Defendant caused Ms. Meza to be constructively

discharged on or about October 3, 2004, violating Title VII. The specifics are alleged in paragraphs

nine (9) through fourteen (14) below.

Fee  USA
Process 16.00 pm
X Dktd
CtRmDep
Doc. No

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and

1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"),  and

pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      The employment practices alleged to be unlawful were at all material times committed within

the jurisdiction of the United States District Court for the Eastern District of Louisiana.

**PARTIES**

4.      Plaintiff, The  Equal Employment Opportunity Commission  (the "Commission"), is the

agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and

(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.      At all relevant times and continuously to this date, the Defendant has been a not-for- profit

public housing  facility located in New Orleans,  Louisiana with more than 15 employees.

6.      At all relevant times and continuously to this date, Defendant has been an employer engaged

in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§

2000e (b), (g) and (h).

7.      At all relevant times,  all material facts occurred within the jurisdiction of this Court.

**STATEMENT OF CLAIMS**

8.      More than thirty days prior to the institution of this lawsuit Ms. Meza filed a charge with the

Commission alleging violations of Title VII by the Employer and Title I of the Civil Rights Act of

1991.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.      Since May of 2004, the Defendant has engaged in unlawful employment practices at its facility located at 1301 Simon Bolivar Avenue, New Orleans, Louisiana, 70113, in violation of Title VII.  During Ms. Meza's employment with the Defendant Employer, she was subjected to sexual harassment and a sexually hostile work environment.  The significant facts are as follows:

10.     Charles Nicholas, Jr., a maintenance worker, and co-employee made repeated references about Ms. Meza's buttocks, repeatedly asked her out on dates, and made numerous unwelcome sexual remarks.

11.     Ms. Meza reported the unwelcome sexual harassment to Freddy Williams, the Defendant's chief of security.  Ms. Meza also tried to avoid being in the same area as Charles Nicholas, Jr., and attempted to change her work schedule to avoid being near him.  Despite her complaint to Williams, Nicholas' harassment resumed approximately two weeks later.

12.     Ms. Meza was also subjected to sexual harassment from captain Charles Davis, her immediate supervisor, who repeatedly asked her out on dates, and offered her money for sex on numerous occasions.  Ms. Meza refused the numerous propositions.

13.     The Defendant's chief of security, Freddy Williams, also made unwelcome advances of a sexual nature towards Ms. Meza, offering to buy her a car if she would become his "little boo."

14.     The harassment culminated on October 3, 2004, when Charles Nicholas, Jr., the Defendant's maintenance worker, struck Ms. Meza on her buttocks in the presence of several other male employees.  Ms. Meza protested his actions.  But he grabbed her wrists and held her.  Ms. Meza begged the other male employees to come to her aid, but none of them intervened.  Ms. Meza broke free and fled to the nearest women's restroom, where she placed a call to her mother and to the

3

police. Charles Nicholas, Jr. was charged with battery and given a citation. Ms. Meza did not return to work following the incident of October 3, 2004. She was constructively discharged due to the extreme nature of the sexually hostile work environment.

15.    The practices complained of in paragraphs nine through fourteen above constitute sex discrimination in violation of Title VII. Defendant is liable under Title VII for the above-described practices of its supervisors and employees.

16.    The effect of the practices complained of in paragraphs nine through fourteen above have been to deprive Ms.Meza of equal employment opportunities, alter her conditions of employment, and to adversely affect her status as an employee because of her sex, in violation of Title VII.

17.    The unlawful employment practices complained of in paragraph nine through fourteen above were intentional.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant , its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination in the form of sexual harassment and creating a sexually hostile work environment within the meaning of Title VII , and any other employment practice which discriminates on the basis of sex.

B.    Order Defendant  to institute and carry out policies,  practices, and programs which are designed to prevent sex discrimination in general and sex discrimination in the form of sexual harassment and sexually hostile work environments in particular, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant  to make whole Ms. Meza by providing compensation for past and future

4

non-pecuniary losses resulting from the unlawful practices complained of in paragraphs nine through fourteen above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, in amounts to be determined at trial.

D.    Grant a judgment requiring Defendant to make Ms. Meza whole by providing appropriate back wages and pre-judgment interest, in an amount to be determined at trial, as well as any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, order an award of front pay in an amount to be determined at trial.

E.    Order Defendant to pay Ms. Meza punitive damages for its malicious and reckless conduct, as described in paragraphs nine through fourteen above, in amounts to be determined at trial.

F.    Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission the costs of this litigation.

### JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,


Ronald S. Cooper
General Counsel

JAMES L. LEE
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel
1801 L Street, N.W.
Washington, D.C. 20507

5

JAMES SACHER
Regional Attorney
1919 Smith Street, 6ᵗʰ Fl.
Houston, Texas 77072


LILLIAN M. THORNTON
Senior Trial Attorney
Bar Roll Number La. 25525

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, La. 70112
Telephone:    (504) 595-2876
Facsimile:    (504) 595-2886


AGENT FOR SERVICE OF PROCESS

Cynthia Wiggins
2300 Erato Street, #F
New Orleans, La., 70113

6